UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTOPHER LYNCH,**
**Personal Representative of the**
**Estate of Schnette Renae Stone,**

    **Plaintiff,**
v.                                                    **Case No.: 8:20-cv-2895-SCB-AAS**

**ROSE RADIOLOGY CENTERS, INC.,**
**and UNITED STATES OF AMERICA,**

    **Defendants.**
_____/

## ORDER

    Plaintiff Christopher Lynch, personal representative of the estate of Schnette Renae Stone, moves to compel responses to his second interrogatories and seventh request to produce issued to Defendant Rose Radiology Centers, Inc. (Rose Radiology). (Doc. 64). Rose Radiology opposes Mr. Lynch's motion. (Doc. 67). Without requesting or receiving leave of court, Mr. Lynch replied to Rose Radiology's response in opposition to Mr. Lynch's motion to compel.[1] (Doc.

---

[1] Under Local Rule 3.01, Mr. Lynch must request leave to file a reply brief. *See* Local Rule 3.01(d), M.D. Fla. ("Without leave, no party may file a reply directed to a response except for a response to a motion for summary judgment."). Because discovery is closed and in the interest of expeditiously resolving Mr. Lynch's motion to compel, the court will consider Mr. Lynch's reply in ruling on the motion. Mr. Lynch is warned that future failure to comply with the Local Rules may result in the court striking the filing.

1

68).

## I.     BACKGROUND

On May 14, 2018, Ms. Stone had an abdominal CT scan performed at Florida Hospital Zephyrhills' emergency department. The CT scan showed a pelvic infection consistent with a tubo-ovarian abscess on the left adnexa. (Doc. 52, ¶¶ 16-18). On June 18, 2018, Rose Radiology's ultrasound technologist Gricelda A. Behnke performed a transvaginal ultrasound on Ms. Stone. (*Id.* at ¶¶ 29-30). Rose Radiology's transvaginal ultrasound showed no abnormality in Ms. Stone's left adnexa. (*Id.* at ¶¶ 31-33).

On July 13, 2018, Ms. Stone returned to Florida Hospital Zephyrhills' emergency department and had another abdominal CT scan performed. (*Id.* at ¶¶ 41-43). The CT scan showed the same, now larger, abscess and the formation of additional abscesses. (*Id.* at ¶ 43). On July 15, 2018, a transvaginal ultrasound confirmed the presence of a large left adnexal mass. (*Id.* at ¶¶ 45-46). On July 16, 2018, Ms. Stone passed away from a bowel perforation allegedly caused by her abdominal infection. (*Id.* at ¶¶ 52-54).

Mr. Lynch brought this medical malpractice action against Rose Radiology and the United States of America. (Doc. 52). Mr. Lynch's amended complaint alleges medical negligence on the part of Ms. Behnke, with Rose Radiology vicariously liable. (Doc. 52, ¶ 29). Mr. Lynch's amended complaint

also alleges negligent credentialing, negligent training, and negligence on the part of Rose Radiology and requests punitive damages. (*Id.* at ¶¶ 82-113).

On January 26, 2022, Mr. Lynch served Rose Radiology with his second set of interrogatories and seventh document request, both of which are related to Rose Radiology's financial worth. (*See* Doc. 64, Exs. 3, 5; Doc. 67, Exs. A, B). On February 25, 2022, Rose Radiology responded to Mr. Lynch's discovery requests stating:

> Objection. Any discovery of financial worth is premature as Plaintiff has not and cannot show a reasonable evidentiary basis for recovery of punitive damages. *See* Fla. Stat. § 768.72. Additionally, Defendant objects on the basis of confidentiality.

(Doc. 64, Exs. 4, 6).

Mr. Lynch requests that the court order Rose Radiology to respond to the outstanding financial worth discovery requests because they relate to Mr. Lynch's claim for punitive damages. (Doc. 64). Rose Radiology opposes Mr. Lynch's motion to compel and contends Mr. Lynch failed to establish a reasonable basis for Rose Radiology to produce financial worth discovery under § 768.72, FLA. STAT. (Doc. 67). Mr. Lynch replied in response to Rose Radiology's opposition. (Doc. 68).

**II. ANALYSIS**

Under the Federal Rules of Civil Procedure, a party may "obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ..." Fed. R. Civ. P. 26(b)(1). In most cases, financial discovery is not appropriate until after judgment because a private plaintiff should not be permitted to discover an opponent's assets until after a judgment against the opponent has been rendered. *FTC v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980).

Financial net worth discovery, however, is relevant to a claim for punitive damages, but the scope of such discovery is within the discretion of the court. *Alexander v. Allen*, No. 2:13-cv-885-FtM-29CM, 2014 WL 3887490, at *2 (M.D. Fla. Aug. 7, 2014) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n. 37 (11th Cir. 1997)). The purpose of punitive damages is "to punish the wrongdoer rather than to compensate the aggrieved party." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000). "The Eleventh Circuit has stated that 'in civil cases, we have not required a showing of compelling need before tax information may be obtained by a party in discovery, but instead have determined that such information need be only arguably relevant.'" *Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29CM, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010) (quoting *Erenstein v. SEC*, 316 F. App'x 865, 869-70 (11th Cir. 2008)). A defendant's financial condition becomes relevant when punitive damages are requested. *Soliday*, 2010 WL 4537903, at

*2. A defendant's wealth is a factor for consideration in determining the reasonableness for an award for punitive damages. *Myers v. Central Florida Investments, Inc.*, 592 F.3d 1201, 1216 (11th Cir. 2010).

As an initial matter, Rose Radiology applies a reasonable basis requirement to the production of financial worth discovery by citing § 768.72, FLA. STAT. (Doc. 67, pp. 4-5). Courts in this district have repeatedly held § 768.72, FLA. STAT., is inconsistent with the Federal Rules of Civil Procedure. *See Pantages v. Cardinal Health 200, Inc.*, No. 5:08-cv-116-WTH-GRJ, 2009 WL 1011048, *2 (M.D. Fla. Apr. 15, 2009) ("[U]nder an Erie analysis there is no doubt that the federal discovery rules trump § 768.72."); *Rosolen v. Home Performance All., Inc.*, No. 2:19-cv-24-JLB-NPM, 2020 WL 7419651, at *3 (M.D. Fla. Aug. 21, 2020) ("Indeed, § 768.72 is a pleading statute 'that has no effect on discovery practice in federal court.'") (quoting *Hite v. Hill Dermaceuticals, Inc.*, No. 8:12-cv-2277-VMC-AEP, 2013 WL 6799334, *5 (M.D. Fla. Dec. 23, 2013)). Thus, the standards of § 768.72, FLA. STAT., are not applicable here.

Mr. Lynch's amended complaint raises claims of negligent credentialing, negligent training, and negligence on the part of Rose Radiology and requests punitive damages. (Doc. 52, ¶¶ 82-113). Because Mr. Lynch requests punitive damages in the operative complaint governing discovery, he is entitled to some

financial worth discovery from Rose Radiology. The scope of financial discovery, however, is within the discretion of the court. *See Alexander*, 2014 WL 3887490, at *2.

Mr. Lynch's interrogatories[2] and seventh request to produce[3] request irrelevant and overly broad financial worth discovery that is too broad and not proportional to the needs of this action. A much narrower set of financial discovery will effectively advise Mr. Lynch of Rose Radiology's current financial condition. *See, e.g.*, *In re: Fiddler's Creek, LLC*, No. 2:14-cv-379-FTM-29CM, 2016 WL 3906927, at *14 (M.D. Fla. July 19, 2016) (compelling financial statements and deposition availability in a motion to compel discovery in a

---

[2] Mr. Lynch's second set of interrogatories request information about: Rose Radiology's current property ownership (interrogatory no. 1); Rose Radiology's financial accounts from January 1, 2017, to the present; (interrogatory nos. 2 and 3); Rose Radiology's stock purchases and sales for the last three years (interrogatory no. 4); the identity of the person(s) with the most knowledge of Rose Radiology's financial condition from January 1, 2017, to the present (interrogatory no. 5); and Rose Radiology's ownership of public and private corporations (interrogatory nos. 6 and 7). (*See* Doc. 67, Ex. A).

[3] Mr. Lynch's seventh request to produce seeks these documents from Rose Radiology: tax returns (request no. 11); deeds, leases, and mortgages (request no. 2); credit applications (request no. 3), insurance applications with schedules of assets; (request no. 4); documents showing ownership in any other company (request no. 5); balance sheets and financial statements (request no. 6); appraisals of property that Rose Radiology had an interest (request no. 7); audited financial statements (request no. 8); documents of asset purchases, sales, conveyance, trades, and transfers; (request no. 9); inventories of Rose Radiology's properties (request no. 10); contracts where Rose Radiology obtained any income (request no. 11); and documents from Rose Radiology's purchase by Akumin, Inc. (request nos. 12-16). (*See* Doc. 67, Ex. B).

punitive damage case). The court will limit the compelled discovery to Rose Radiology's federal tax returns, financial statements, and year-end balance sheet for the past three years.[4] *See Gottwald v. Producers Group I, LLC*, No. 12-81297-CIV, 2013 WL 1776154, at * 3 (S.D. Fla. Apr. 25, 2013) (holding that the plaintiff is entitled to discovery of the defendant's tax returns after presenting a claim for punitive damages); *Soliday*, 2010 WL 4537903, at *3 (holding a three-year period of financial worth discovery to be reasonable and "well within the sound discretion of the court"); *see also Williams v. South Lubes, Inc.*, No. 1:12-cv-180, 2012 WL 6135170, at *2 (N.D. Fla. Dec. 3, 2012) ("Plaintiff's request for financial data spanning five years is overbroad.").

## III.  CONCLUSION

Mr. Lynch's motion to compel responses to his second set of interrogatories and seventh request to produce (Doc. 64) is **GRANTED in part and DENIED in part**. By **April 15, 2022**, Rose Radiology must produce its federal tax returns, financial statements, and year-end balance sheet for the

---

[4] The court recognizes that Rose Radiology was sold to Akumin, Inc. That said, "[o]nly current financial documents are relevant to a claim for punitive damages." *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 668 (S.D. Fla. 2005) (finding a plaintiff's discovery requests "overbroad on their face in that some seek financial records for a five-year period and some seek records for an unlimited time period" and requiring production of financial records for only the most recent 2.5 years).

past three years to Mr. Lynch.[5]

      **ORDERED** in Tampa, Florida on April 5, 2022.

                                        *Amanda Arnold Sansone*
                                        AMANDA ARNOLD SANSONE
                                        United States Magistrate Judge

---

[5] Discovery is closed and this extension is for the limited purpose of producing the documents compelled in this order. (*See* Doc. 61, p. 1).